IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2007 MAY 10 AM 10: 18
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

IN RE

HUTTO FAMILY DETENTION CENTER

Case No. A-07-CA-164-SS

## ORDER

BE IT REMEMBERED on the 9th day of May 2007 the Court reviewed the file in the above-styled cause, specifically Defendants' Motion to Dismiss and, in the Alternative, Stay the Proceedings [#53], Plaintiffs' Response thereto [#59], and Defendants' Request for the Court to Assign a Magistrate Judge to Facilitate Settlement [#57]. Having reviewed these documents, the applicable law, and the case file as a whole, the Court enters the following opinion and orders.

### Background

The factual background of the related *Hutto* cases is set forth in detail in the Court's Order of April 9, 2007, which is here incorporated by reference. Briefly, on March 6, 2007, ten minor plaintiffs filed suit against various officials of the Department of Homeland Security (DHS) and Immigrations and Customs Enforcement (ICE), alleging DHS and ICE were holding plaintiffs at the T. Don Hutto Family Detention Center (Hutto) in conditions that violated the standards of a settlement agreement binding on both organizations (the *Flores* settlement). Plaintiffs sought a preliminary injunction ordering their release from Hutto with their parents.

The Court did not grant Plaintiffs' release with their parents on the basis of the preliminary record, but nevertheless found Plaintiffs were highly likely to prevail on their claims that the Hutto facility is not in compliance with certain requirements of the *Flores* settlement. Accordingly, the

Court consolidated the related cases[1] and set the consolidated case for trial in August 2007 on an expedited schedule.

Though the Court did not grant preliminary release of the Plaintiffs and their parents, the United States has since released all of the minor plaintiffs. Some have completed their immigration proceedings or received bond; others have been paroled. Eight of the Plaintiffs have voluntarily dismissed their claims upon release. The last two plaintiffs in the related cases, Egle Baubonyte and Saule Bunikyte, were granted parole on April 13, 2007. Unlike their co-plaintiffs, however, Baubonyte and Bunikyte wish to continue pursuing their claims against ICE and DHS despite their release from Hutto. Defendants contend all of Plaintiffs' claims arise out of the conditions of their confinement and are now moot because Plaintiffs are no longer in detention. Plaintiffs respond that they have a continued legitimate interest in litigating the conditions at Hutto because their release from Hutto on parole is entirely within Defendants' discretion and may be revoked by Defendants at any time. For reasons discussed more fully below, the Court finds Plaintiffs' argument persuasive. The motion to dismiss is DENIED.

Defendants argue in the alternative for a six-week stay of this litigation to permit further settlement negotiations. Defendants argue that discovery in the case is taxing and interferes with settlement negotiations. Plaintiffs assert, on the contrary, some discovery is necessary to facilitate settlement negotiations. For the reasons discussed below, Defendants' motion for a stay is DENIED. The related cases remain set for trial in August 2007.

---

[1] By the time the Court entered its order consolidating the cases, several of the original plaintiffs had been released on parole or through other proceedings and only three related cases remained.

Defendants further move for the appointment of a magistrate judge to oversee settlement negotiations. Their request is not joined by Plaintiffs. Though the Court certainly encourages settlement, the Court is not in the habit of forcing mediation of any kind on an unwilling party. The motion to appoint a magistrate is DENIED without prejudice to its re-urging as a joint motion if all parties agree.

## Analysis

### I. Mootness

Defendants argue the release of the last two plaintiffs has mooted this controversy. While it is true that release from custody often renders a claim for injunctive release moot, *see, e.g. Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002); *Rocky v. King*, 900 F.2d 864, 867 (5th Cir. 1990), Defendants overlook the fact that Plaintiffs have not been unequivocally released. On the contrary, "[t]he Attorney General at any time may revoke a bond or parole . . . rearrest the alien under the original warrant, and detain the alien." 8 U.S.C. § 1226(b). The Supreme Court has held that such "discretionary parole" is sufficient to support a live case or controversy because it can be revoked at any time, even if the detainee does nothing in particular to warrant revocation. *Clark v. Martinez*, 543 U.S. 371, 376 n.3 (U.S. 2005) (holding habeas petition not mooted by parole governed by 8 C.F.R. § 212.12(h) (2004) because this parole is "subject to the Secretary's discretionary authority to terminate.") The Sixth Circuit has reached a similar conclusion regarding the parole of detained aliens: "Unlike parole granted following incarceration for a criminal conviction, [the detainee] need not do anything for the INS to revoke his parole. . . . Under these circumstances, we believe that [the detainee] is threatened with an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Rosales-Garcia v. Holland*, 322 F.3d 386, 395–96 (6th Cir. 2003).

Here, Plaintiffs Egle Baubonyte and Saule Bunikyte have been released on parole that is

entirely discretionary with ICE. They may be brought back into custody "at any time, for almost any reason." *Id.* In these circumstances, Plaintiffs have a continuing, vital interest in the outcome of this litigation. The claims of Egle Baubonyte and Saule Bunikyte are not moot.

Because Plaintiffs' claims are not mooted by their discretionary parole, the Court need not determine whether Plaintiffs' claimed exceptions to the mootness doctrine apply to this case. Nevertheless, the Court notes that Plaintiffs' parole represents nothing more than a voluntary cessation of questionable conduct by the Defendants. It is well settled that "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot." *United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953). *See DeFunis v. Odegaard*, 416 U.S. 312, 317–18 (1974). Dismissal on grounds of mootness is inappropriate where "the denial of injunctive relief might leave [DHS and ICE] 'free to return to [their] old ways.'" *Hernandez v. Cremer*, 913 F.2d 230, 235 (5th Cir. 1990) (quoting *W.T. Grant*, 345 U.S. at 632). Accordingly, the discretionary release of Plaintiffs does not moot their claims. Defendants' motion to dismiss the case as moot must be denied.

## II. Stay

Defendants move in the alternative for a six-week stay of all proceedings, including discovery, in this case to "permit the parties the unfettered opportunity to negotiate the dispute." It has, however, been this Court's experience that an impending trial date tends to facilitate settlement far more effectively than a stay of all proceedings. Moreover, reasonable discovery is necessary to facilitate settlement in this case. Much of the information germane to Plaintiffs' claims is within Defendants' custody and control. Without some discovery, Plaintiffs are at a serious disadvantage that cannot possibly encourage reasonable negotiation.

Defendants claim Plaintiffs' discovery requests impede settlement because they are "onerous" and involve the same "ICE resources" as those involved in negotiating settlement of the claims. In support of these contentions, Defendants attach Plaintiffs' Requests for Production. Mot. Dism. Ex. B. Plaintiffs have made only 26 requests for production, which appear to be relatively narrow in scope and tailored to the specific claims and contentions made by the parties in this suit. This discovery may well be inconvenient, but it does not appear "onerous," particularly in light of the limitations on electronic discovery to which Plaintiffs have agreed. Correspondence of Apr. 16, 2007, Mot. Dism. Ex. C. The fact that the "same ICE resources" are involved in discovery and settlement negotiation can only facilitate reasonable settlement, as these "resources" will presumably have intimate knowledge of the strength of Defendants' position as discovery clarifies the merits of the case.

## Conclusion

Accordingly,

IT IS ORDERED that Defendants' Motion to Dismiss and, in the Alternative, Stay the Proceedings [#53] is DENIED.

IT IS FURTHER ORDERED that Defendants' Request for the Court to Assign a Magistrate Judge to Facilitate Settlement [#57] is DENIED without prejudice to re-urging as a joint motion.

SIGNED this the 9th day of May 2007.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE